Charles V. SHILLINGFORD,
Plaintiff–Appellant,

v.

Van E. HOLMES, etc., et al.,
Defendants–Appellees.

No. 80–3502
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 15, 1981.

D. Douglas Howard, Jr., New Orleans, La., for plaintiff–appellant.

Van E. Holmes, pro se.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

■ Because 42 U.S.C. § 1983 is not a general tort statute but imposes liability only for rights secured by the Constitution and laws of the United States, it does not grant a cause of action for every injury wrongfully inflicted by a state officer. We here consider the distinction between those personal injuries for which redress is allowable under Section 1983 and those, however wrongful, for which a remedy must be sought under state tort law.

A group of four or five New Orleans policemen was engaged in apprehending a boy on the street during a Mardi Gras parade. One of the policemen, Mr. Holmes, saw Mr. Shillingford, a tourist, photographing the incident. Shillingford was holding the camera to his face. Holmes struck the camera and Shillingford with his nightstick, destroying the camera, smashing it into Shillingford's face and lacerating his forehead. Mr. Shillingford was not involved in the arrest incident and did not interfere with the police in any fashion.

■ Seeking compensatory and punitive damages, Shillingford brought this action against the policeman alleging that the officer, while acting under color of state law, deprived him of federal constitutional rights, violating 42 U.S.C. § 1983. The dis-

trict court found that the policeman's conduct was wholly inappropriate and that the defendant had been suspended from the police force for a period of days. However, the court held that the blow lacked the brutal force necessary to engender a constitutional deprivation. Finding that the policeman's actions did constitute a legal violation of constitutional dimension, we reverse the judgment of the district court and remand for a determination of damages.

"The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' .... Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 138 & 146, 99 S.Ct. 2689, 2692 & 2695, 61 L.Ed.2d 433, 439 (1979).

■ Physical abuse by police under color of state law may in some circumstances constitute a constitutional deprivation allowing recovery of damages under Section 1983. *Jones v. Hildebrant*, 432 U.S. 183, 189, 97 S.Ct. 2283, 2287, 53 L.Ed.2d 209, 214 (1977) (White, J., dissenting); *Jenkins v. Averett*, 424 F.2d 1228 (4th Cir. 1970). The right to be free of state–occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process. *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980). The right has also been premised on the fourth amendment guarantee of "[T]he right of ... people to be secure in their persons," made applicable to the states by the fourteenth amendment. *Jenkins v. Averett*, 424 F.2d at 1232.

■ A law enforcement officer's infliction of personal injury on a person by the application of undue force may deprive the victim of liberty without due process of law. *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). *But see Polite v. Diehl*, 507 F.2d 119, 126 (3d Cir. 1974) (Kalodner, J., concurring in part and dissenting in part) (simple battery by a policeman does not violate the fourteenth amendment or Section 1983).

■ Yet the district court was correct in recognizing that not every personal hurt by a state officer constitutes a violation of the fourteenth amendment. *Baker v. McCollan* teaches that some state–agent–inflicted injury is so minor as to occasion only a tort claim, not a constitutional invasion. In determining whether the state officer has crossed the constitutional line that would make the physical abuse actionable under Section 1983, we must inquire into the amount of force used in relationship to the need presented, the extent of the injury inflicted and the motives of the state officer. If the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983. *Hall v. Tawney*, 621 F.2d at 613; *Johnson v. Glick*, 481 F.2d àt 1033.

■ The degree of force exerted and the extent of physical injury inflicted that together amount to a constitutional deprivation must, of course, be determined by the facts of a given case. *Baker v. McCollan* permits no bright line to be drawn but ineluctably requires case–by–case balancing. *See Johnson v. Glick*, 481 F.2d at 1032–33; *Pritchard v. Perry*, 508 F.2d 423, 426 (4th Cir. 1975). Actions permissible in controlling a riotous mob or in dealing with a life–threatening situation might weigh differently when taken against a peaceful pedestrian.

■ The facts found by the trial court are subject to appraisal only under the clearly erroneous rule, Fed.R.Civ.P. 52. Whether these facts amount to constitutional deprivation is a question of law that may be assayed anew upon appeal. "As to legal conclusions reached by the district court, we are not bound by the 'clearly erroneous' rule and we can make independent determinations." *Ayers v. Western Line Consolidated School District*, 555 F.2d 1309, 1315 (5th Cir. 1977), *vacated on other*

*grounds sub nom. Givhan v. Western Line Consolidated School District,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979). *See also* 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2588, at 750 (1971). Appellate courts have "the ultimate power to conduct an independent review of constitutional claims when necessary." *Miller v. California,* 413 U.S. 15, 25, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419, 431 (1973).

In this case, the assault by the policeman was unprovoked and unjustified. It was patently taken because, as a bystander on the public streets, Shillingford was photographing what the policeman did not want to be memorialized. That the results of the attack on Shillingford's person were not crippling was merely fortuitous. The same blow might have caused blindness or other permanent injury. Therefore, we find the physical abuse in this case sufficiently severe, sufficiently disproportionate to the need presented and so deliberate and unjustified a misuse of the policeman's badge and bludgeon as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights.

For these reasons we reverse the district court's dismissal of the plaintiff's claim and remand for a determination of damages. The plaintiff is, of course, entitled to recover compensatory damages including the cost of his camera and expenses for medical treatment to remove the scar caused by the incident, as well as an award for pain and suffering if the district court determines such an award is proper. We note, without deciding the issue, that punitive damages are recoverable under Section 1983, *Carey v. Piphus,* 435 U.S. 247, 258 n.11, 98 S.Ct. 1042, 1049 n.11, 55 L.Ed.2d 252, 260 n.11 (1978) (indicating that punitive damages may be awarded in a proper case under Section 1983 with the specific purpose of deterring or punishing violation of constitutional rights). *See McCulloch v. Glasgow,* 620 F.2d 47, 51 (5th Cir. 1980); *Fielder v. Bosshard,* 590 F.2d 105 (5th Cir. 1979); *Vetters v. Berry,* 575 F.2d 90 (6th Cir. 1978) (punitive damages awarded in a police misconduct case for malicious and

wanton disregard of plaintiff's constitutional rights); *Palmer v. Hall,* 517 F.2d 705 (5th Cir. 1975) (police misconduct case). *Cf. Lee v. Southern Home Sites Corp.,* 429 F.2d 290, 294 (5th Cir. 1970) (factors relative to punitive damage award under Section 1982). *See generally* S. Nahmod, Civil Rights & Civil Liberties Litigation § 4.08 (1979). Upon remand, the district court should consider whether an award of punitive damages as requested in the complaint is appropriate.

For these reasons the judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.