Robert S. Dickey, Asst. City Atty., Dallas, for appellant.

Bertran T. Bader, III, Cox & Bader, Dallas, for appellee.

Before STEPHENS, SPARLING and ROWE, JJ.

ROWE, Justice.

This is a summary judgment case in which Ronnie Whatley recovered from the City of Dallas, as a self-insurer, its full policy limits for those damages for which Whatley had been awarded a judgment in federal court against a city policeman. The city contends that its policy covered only negligent acts of the policeman and that the federal judgment was based not on negligence but solely on willful and malicious acts, for which coverage was excluded. We disagree with the city's contentions and affirm.

The city's two points of error place squarely in issue that basis upon which the federal judgment was entered, in Whatley's favor, against the policeman. The city

---

**CITY OF DALLAS, Texas, Appellant,**

v.

**Ronnie WHATLEY, Appellee.**

**No. 05–83–00854–CV.**

Court of Appeals of Texas, Dallas.

Oct. 17, 1984.

Rehearing Denied Nov. 27, 1984.

would have us focus on allegations in the complaint originally filed by Whatley in the federal court jointly against the policeman, the city, and its chief of police. This complaint alleges that the action arises under 42 U.S.C. § 1983 (1981). The city cites *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir.1981), as holding that redress is not allowable under section 1983 upon a showing of mere negligence, and thereupon concludes that these pleadings mandated a judgment based on willful and malicious acts. We do not agree, however, because (1) the city misreads *Shillingford* and (2) in this case a factor other than the original complaint controls the judgment, to wit: the pre-trial order joined in by all parties, including the policeman.

■ Contrary to the holding ascribed by the city to *Shillingford v. Holmes,* there is direct federal authority that a section 1983 suit *may* be maintained upon a showing of negligence. *Howard v. Fortenberry,* 723 F.2d 1206, 1209 n. 6 (5th Cir.1984) ("No particular state of mind is required to state a cause of action under § 1983; ... negligence will suffice."); *Withers v. Levine,* 615 F.2d 158, 162 (4th Cir.1980) (negligence by state official actionable under § 1983); *McCray v. Maryland,* 456 F.2d 1, 5 (4th Cir.1972) (§ 1983 actions may be based on negligence). *See also Parratt v. Taylor,* 451 U.S. 527, 534, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981) ("Section 1983 ... has never been found by this Court to contain a state of mind requirement."). In *City of Amarillo v. Langley,* 651 S.W.2d 906 (Tex. App.—Amarillo 1983, no writ), the jury awarded plaintiff damages in a section 1983 action brought against the City of Amarillo for negligence and use of excessive force by city police officers. Upholding the judgment on appeal, the court dismissed the City's contention that "the use of excessive force is the equivalent of an intentional tort" by stating, "... the jury was correctly instructed, in accordance with *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), that specific *intent* to commit excessive force is not required." 651 S.W.2d at 918.

■ Contrary to some recitals in the record, the federal proceeding was not a default judgment case. The policeman was served as a party defendant and filed an answer denying liability. He appeared at a pre-trial conference and joined in a written pre-trial order which contains a summary of plaintiff's contentions and a summary of the defenses of the city and its police chief but no summary of any defenses by the policeman. Instead, all parties agreed that, as between Whatley and the policeman, "There are no contested issues of fact...." All parties stipulated as to certain facts. Whatley and the policeman, as between themselves, stipulated to these additional facts:

A. Whatley was injured as a result of the actions complained of in this cause and the medical bills heretofore incurred by Whatley are reasonable and necessary for the treatment diagnosis and cure of the injuries sustained by Whatley in this incident. Such medical bills and summary of same are attached hereto as exhibit A.

B. [The policeman] negligently used excessive force in the apprehension, subduing and arrest of Whatley on the occasion in question.

C. [The policeman] was acting ... pursuant to his duties as a police officer for the city of Dallas;

   *     *     *     *     *     *

F. [The policeman] did strike Whatley on several occasions during the event and the injuries sustained and described in the medical bills attached hereto as Exhibit A were a direct result of such occurrence;

G. The actions of [the policeman] were a proximate cause of damages to Whatley;

H. Such damages include medicals as more specifically set out in Exhibit A, permanent disability, loss of income, mental anguish and physical pain and suffering.

Because the policeman failed to appear at trial, the judge in his instructions to the jury first provided as follows:

Defendant [policeman] is not present at this trial and a default judgment as to liability has been entered against him. However, [the policeman's] absence does not effect the plaintiff's claim against the other defendants: the City of Dallas and Donald Byrd who was the Chief of Police of the City of Dallas during the time in question. And, you are not to consider the default judgment against [the policeman] in answering the issues raised concerning the plaintiff's claims against defendants Byrd and the City of Dallas. In addition the court will determine the amount of damages, if any, to be imposed upon the defendant [policeman] and you are not to consider this in resolving the issues presented to you in this charge.

The court's charge then questioned the jury concerning the elements of a section 1983 case and the proximate causes of certain occurrences, but made no inquiry concerning the amount of damages. The jury by its answers found that while Whatley did prove that the policeman used excessive force in arresting him, he failed to prove other factors necessary to establish a cause of action under section 1983 against the city and its police chief.

The judgment recites that as to the city and its police chief, the issues having been tried and determined by a jury, Whatley's action against them is dismissed. As to the policeman, the judgment recites that default as to this defendant having been rendered prior to jury submission and consideration having been given to the pleadings and the evidence, the court finds that Whatley has suffered damages in the amount of $125,000.00 and has incurred reasonable and necessary attorney's fees in the amount of $17,500.00. Whatley is then awarded judgment against the policeman in the amount of $142,500.00.

As we understand the city's argument, the "default" by the policeman admitted all the elements of Whatley's complaint (excepting extent of damages) and since the cause of action alleged therein was founded on an intentional tort, there being no alternate count in negligence, the trial court's award in favor of Whatley had to be based solely on willful and malicious acts and not on negligent acts. As indicated above, however, this argument overlooks both the denial of liability for malice made in the policeman's answer and the stipulations of negligence made by the policeman in the pre-trial order. FED.R. CIV.P. 16 not only authorizes a pre-trial conference, but also authorizes the entry of a pre-trial order[1] which must be treated as "superseding the pleadings and establishing the issues to be considered at trial." *United States v. Texas*, 523 F.Supp. 703, 720 (E.D.Tex.1981); 6 Wright & Miller, Federal Practice & Procedure § 1522 (1971). Federal authority makes clear that not only the parties, but the court as well, are bound by the provisions of a pre-trial order. *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948, 953 (5th Cir.1959). As a result, those factual stipulations between Whatley and the policeman appearing in the pre-trial order, coupled with the stipulation that no factual issues are disputed between them, obliged the trial judge to limit Whatley's recovery to a negligence claim. Indeed, the concessions made at the pre-trial conference by the policeman, in conjunction with those of Whatley, virtually made a trial appearance by the policeman superfluous, the stipulations being effective between the parties to authorize a consent judgment for liability based on negligence. Under such circumstances, we may not presume that the federal trial judge in disregard of this stipulated evidence granted a recovery based instead on a finding of malice as to which there was no stipulated evidence and as to which there was otherwise an absence of a jury finding. Accordingly, we hold that in

---

**1.** Rule 16 provides in pertinent part: "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and *such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.*" [Emphasis added.]

granting the summary judgment for Whatley in this case, the state court trial judge correctly treated the underlying federal judgment to be one based on a negligent act and not one based on a willful and malicious act.

The city's first and second points of error are overruled and the judgment below is affirmed.