For the foregoing reasons, the appeal is DISMISSED FOR WANT OF JURISDICTION.

Fred **HENDRIX** and Diane **Scritchfield,**
Plaintiffs-Appellants,

v.

**Jerry MATLOCK, et al.,**
Defendants-Appellees.

No. 85–2290
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1986.

---

Clifton L. Holmes, Longview, Tex., for plaintiffs-appellants.

Wellborn, Houston, Adkison & Mann, Ron Adkison, Henderson, Tex., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Fred Hendrix and Diane Hendrix Scritchfield appeal from a jury verdict in favor of Rusk County, Texas and various elected officials and employees of the county. We affirm.

On July 6, 1983, Rusk County Sheriff's officers Matlock, Boles, Williams and Brown were conducting surveillance of a suspected marijuana field in preparation for the possible execution of a valid search warrant. Upon entering the field, the officers observed two men standing near a pickup truck. One of the men, Mike Adams, was visibly armed but Samuel Hendrix, son of Fred Hendrix and Diane Scritchfield, was not armed.

When the officers identified themselves, Hendrix ran toward the woods. Officers Matlock and Boles ordered him to halt, fired warning shots and then directed their fire at him. Hendrix was shot down 30 or 40 feet away from the deputies and suffered fatal injuries from a shot in the back of the head.

Hendrix and Scritchfield sued the county and various elected county officials and employees for the wrongful death of their son. The action was brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the Constitution of the United States. Hendrix and Scritchfield alleged that the deputies employed excessive force in attempting to arrest their son and that the county and sheriff were negligent in supervising and training the officers. The case was tried and the jury found for the defendants. Hendrix and Scritchfield appeal, contending that the district court's instructions to the jury were erroneous.

The part of the district court's instructions to the jury to which appellants object provided:

With respect to the excessive force theory, you are instructed that in order for the plaintiffs to establish that the deputies, Buddy Boles and Jerry Matlock, crossed the constitutional lines that makes their shooting of Samuel Hendrix actionable under federal law, you must first find two things.

First, that the deputies' actions were grossly disproportionate to the need for action under the circumstances, and second, that the deputies' actions were inspired by malice and not just a careless or unwise excess of zeal, so that their actions amounted to an abuse of official power that shocks the conscience.

The court's instruction closely tracks this Court's standard for determining whether excessive force was used in effecting an arrest. That standard, set out in *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981), was reiterated in a recent case, *Coon v. Ledbetter*, 780 F.2d 1158, 1163 (5th Cir.1986), where the Court stated:

In determining whether the state officer has crossed the constitutional line that would make the physical abuse actionable under Section 1983, we must inquire into the amount of force used in relationship to the need presented, the extent of the injury inflicted and the motives of the state officer. If the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983.

The jury instruction faithfully reflected this standard and therefore was not critically defective.

Appellants rely on *Tennessee v. Garner*, —— U.S. ——, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) and *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir.1985) as support for

the proposition that the standard for determining whether excessive force was used in affecting an arrest is the conduct of the ordinary prudent man under the existing circumstances. Both of these cases are directed toward the issue of municipal liability. Neither court discussed the standard for imposing liability on the individual officers involved. We note, however, that in *Garner* the Supreme Court affirmed the dismissal of the police officer which was based on a finding that he acted in good-faith reliance on a Tennessee statute authorizing necessary force to effect an arrest where the defendant flees or resists impending arrest. In *Grandstaff* this court affirmed the judgment against the individual officers based upon a finding of record support for the jury's determination that their use of deadly force was "maliciously, wantonly and oppressively done."

Neither the Supreme Court nor this court has departed from the requirement for individual officer liability that the constitutional line be drawn at action which was not only grossly disproportionate under the circumstances, but also was so inspired by malice as to amount to an abuse of official power that shocks the conscience.

The judgment appealed from is

AFFIRMED.