**Clarence Ray HINES,
Plaintiff-Appellant,**

v.

**Sgt. William BOOTHE, et al.,
Defendants-Appellees.**

**No. 87–6309
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 6, 1988.

Clarence Ray Hines, pro se.

Before REAVLEY, KING and JOLLY, Circuit Judges.

PER CURIAM:

Clarence Ray Hines appeals the district court opinion dismissing his section 1983 claim. Finding the district court's decision correct, we affirm.

I

Hines is in prison serving a sixty-year term. This case arises from certain facts surrounding his attempts to appeal the judgment that put him in prison.

Hines' appointed counsel did appeal his case, and apparently sent him a copy of the appeal brief. Hines alleges that he never received it and wrote to his attorney asking for the brief. After the court of appeals had rendered its opinion, the attorney wrote Hines and included another copy of the brief. In this letter, the attorney told Hines that he had mailed him the brief twice before, and he enclosed copies of the two earlier letters as well.

Hines then discussed the problem with an attendant in the prison mailroom. During their attempt to trace the lost mail, Hines said he would get the copies of the earlier letters from his cell. Returning from his cell, Hines met Sergeant William Boothe in the hall. Boothe allegedly stopped Hines and asked him where he was going. Hines replied, and Boothe told him to return to his cell. Hines alleges that when he tried to explain that his errand was important, Boothe grabbed him and shoved him against a brick wall, causing great pain to Hines' body and head. Hines alleges that Boothe pushed him several more times, using unjustified force. Hines also alleges that the incident with Boothe caused him to lose prison privileges.

## II

Hines filed a *pro se* complaint in district court, alleging that the above-described incidents constituted civil rights violations under 42 U.S.C. § 1983. The district court dismissed Hines' claims with prejudice, stating that "[t]he major thrust of the complaint is that the appellate brief was lost in the mail." The district judge found that the claim of denial of access to the court and harassment were *de minimus* under *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976); *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); and *Goss v. Lopez*, 419 U.S. 565, 584, 95 S.Ct. 729, 741, 42 L.Ed.2d 725 (1975). The district judge also found in regard to the loss of the brief, that Hines had alleged no more than negligence by the prison officials, and that negligence does not state a

claim under 42 U.S.C. § 1983. *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); and *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

## III

■ We agree with the district court. Negligence does *not* state a claim under section 1983 and the facts alleged by Hines with regard to the loss of his legal mail do not constitute more than negligence.

■ The district court did not address Hines' allegations that Sgt. Boothe pushed him without provocation. We note, however, that Hines' allegations of physical abuse do not rise to the level of a constitutional claim which would activate section 1983. Claims for physical abuse at the hands of prison guards, as a general proposition, will only violate a prisoner's constitutional rights so as to activate a section 1983 cause of action "[i]f the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amount to an abuse of official power that shocks the conscience." *Anthony v. Lynaugh*, (5th Cir. Oct. 27, 1987) [833 F.2d 1007 (table)] (quoting *Shillingford v. Holmes*, 634 F.2d 263 (5th Cir.1981)). See Appendix.

AFFIRMED.

### Appendix

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 87–2539

Summary Calendar

MILTON JAMES ANTHONY, Plaintiff-Appellant,

versus

JAMES A. LYNAUGH, Interim Director, Texas Department of Corrections, et al., Defendants-Appellees.

Appeal from the United States District Court for the Eastern District of Texas. (TY–86–299–CA)

(October 27, 1987)

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

Milton James Anthony appeals, *pro se*, the district court's dismissal of his section 1983 claim, claiming damages and other relief for the alleged unconstitutional use of excessive force by a prison guard. The district court dismissed the suit as frivolous under 28 U.S.C. § 1915(d).[1] We affirm the district court's ruling.[2]

I

The district court is given wide discretion to dismiss under section 1915(d) "at whatever point it becomes clear that merit is lacking." *Cay v. Estelle*, 789 F.2d [318], 322, 325 (5th Cir.1986). The plaintiff here alleges that his eighth amendment rights against cruel and unusual punishment were violated in an altercation with a prison guard. The district court, examining the motion and supporting papers in the light most favorable to the appellant, found that Anthony's claims failed to rise to the level that is protected by the Constitution. We agree.

According to Anthony, he was pushed and kicked by the defendant guard Navarro during an "in only"[3] when Navarro found him in a hallway outside the day room. The confrontation began to escalate, and Navarro was eventually joined by two other guards and the three beat Anthony to the ground where they handcuffed him. Anthony was promptly treated for cuts and bruises on his face and suffered no other injuries.

On appeal, Anthony acknowledges that the eighth amendment does not protect prisoners from force necessary to control or punish, or even from the "infliction of pain in the course of prison securities measures." *Whitley v. Albers*, [475] U.S. [312], 106 S.Ct. 1078 [89 L.Ed.2d 251] (1986). He argues, however, that the incident constituted cruel and unusual punishment because it "was unjustified and without a reasonable cause. Appellant was pushed and kicked by Navarro intentionally, knowing that, been [sic] an officer his duties is to protect, not to injure." Navarro admits that he argued and scuffled with Anthony, but contends that Anthony was uncooperative and, as far as the fight is concerned, Anthony came at him first. On appeal, Anthony argues that the district court erred in dismissing his case as frivolous, because he is entitled to a trial to determine which story was the true one.

In our opinion, however, it does not matter "who started it." We will accept that Anthony received more punishment than he deserved and that the treatment he received at the hands of the guards might have been rough and unfair. Unfortunately for Anthony, however, the courts cannot, and the eighth amendment does not, protect individuals from all rough or unfair treatment. The eighth amendment protects against cruel and unusual punishment only. To determine whether an isolated assault by a prison guard rises to the level of "cruel and unusual," courts must decide "if the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by malice rather than merely careless or unwise zeal so that it amounted to an abuse of official power that shocks the conscience." *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981). The behavior here, under prison conditions, simply does not shock the conscience. We will assume that Anthony is correct when he asserts that he was within his rights and did not provoke or deserve the rough treat-

---

1. Section 1915(d) states: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

2. With his notice to appeal, Anthony filed a motion to proceed *in forma pauperis*. Since he was already certified to proceed *in forma pauperis* by the district court, however, this motion is superfluous, *see* Fed.R.Crim.P. 24 (1987), and is dismissed as moot.

3. According to the appellant's brief, "in only" is a count period during which inmates must stay in their cells or in public rooms and cannot move about the prison.

ment he was accorded. Still, the altercation occurred at a time when, at least arguably, Anthony was in an area where he should not have been and was not moving fast enough. The injuries suffered were minor and promptly attended. We find no abuse of discretion, therefore, in the trial court's decision, and affirm the dismissal of the suit.

The judgment of the district court is AFFIRMED.