**Steven GILBERT, Plaintiff–Appellant,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, et al., Defendant–Appellee.**

No. 89–6066
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 19, 1990.

---

* Circuit Judge of the Sixth Circuit, sitting by designation.

**62**

Steven Gilbert, Tennessee Colony, Tex., for plaintiff-appellant.

Appeal from the United States District Court for the Eastern District of Texas.

Before GEE, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

Texas prisoner Steven Gilbert consented to having his § 1983 suit decided by a magistrate, who held a *Spears* hearing,

made findings, and dismissed the suit as frivolous. Gilbert's motion to reconsider was denied, and he appealed.

At a *Spears* hearing, Gilbert testified that the sole defendant, prison officer Wise, kicked the door to the food slot of his cell, cutting off the tip of Gilbert's finger, which was reattached by plastic surgery. Gilbert testified that the officer's action was intentional. One Jackson, apparently a prison employee, testified that a prison use-of-force-report absolved the officer. "[I]t was not a sustained violation against the officer in that there was a reflexive action."

In her findings, the magistrate relied on a "medical report" that was not mentioned or otherwise identified at the *Spears* hearing, but which is included with the record. She also relied on an "internal affairs report," apparently the report mentioned by Mr. Jackson, showing that defendant Wise's action in kicking the slot door closed "was a reflex, unintentional act." She assumed for the purposes of the *Spears* hearing that "the alleged assault was unwarranted." Relying on *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir.1989), the magistrate determined that Gilbert was injured but "it was not a severe injury and he has recovered. There is no indication of malice."

*Analysis*

This case is one of many held for screening pending a decision in *Huguet v. Barnett*, 900 F.2d 838 (5th Cir.1990). *Huguet* borrowed the excessive-force-to-arrest standards of the Fourth Amendment, established in *Johnson v. Morel*, 876 F.2d 477 (5th Cir.1989) (en banc), and applied them to an Eighth Amendment use-of-force-to-restrain situation in a prison. The *Huguet* panel also added the Eighth Amendment wanton-infliction-of-pain factor. *Id.* at 841.

After *Huguet*, in order for a plaintiff to prevail on an Eighth Amendment excessive-force claim, the plaintiff must prove:

1. a significant injury, which
2. resulted directly and only from the use of force that was clearly excessive

to the need, the excessiveness of which was

3. objectively unreasonable, and

4. the action constituted an unnecessary and wanton infliction of pain.

*Id.*

Clearly, under this formulation, if the finding that there was no malice is correct, Gilbert cannot prevail. We are troubled by the factual underpinnings of the finding, however, which Gilbert attacks on appeal. Although Fifth Circuit jurisprudence gives broad discretion to district courts in conducting *Spears* hearings, the use of hearsay witnesses and unauthenticated records to counter the plaintiff's testimony is improper. "[T]he most important consideration in a § 1915(d) credibility assessment is the inherent plausibility of a prisoner's allegations based on objective factors ..." *Cay v. Estelle,* 789 F.2d 318, 326 (5th Cir. 1986). Gilbert alleged an episode of brutality, an occurrence that was inherently plausible; but the magistrate, relying on the unauthenticated internal affairs report, found an absence of malice. Gilbert's testimony was to the contrary: "I know it [Wise's kicking of the door] was intentional. He saw my arm sticking out that bean chute.... the officer was nowhere in the area when I reopened the food slot and the food slot did not hit him. He came back to my cell and kicked it closed."

The finding cannot stand. We vacate and remand for further proceedings consistent with *Huguet.*

VACATED and REMANDED.