909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hal Brian STICKNEY, Plaintiff-Appellee,
v.
Chrysostomos TRIKES and Leland Young, individually and as
police officers, Defendants-Appellants,
City of Sterling Heights, Defendant.
 No. 89-1928.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Chrysostomos Trikes and Leland Young, Sterling Heights, Michigan, police officers, appeal the denial of their motion for qualified immunity in this action alleging the use of excessive force in connection with the arrest of plaintiff, Hal Brian Stickney. Upon a review of the record, we conclude, as did the district judge, that the defendants are not entitled to qualified immunity, and we affirm.
 
 I.
 
 2
 On November 24, 1985, plaintiff Stickney broke into the apartment of his estranged wife, Katherine, for the alleged purpose of discussing a reconciliation. Katherine called the Sterling Heights Police Department, and defendants Trikes and Young, patrolling in separate cars, responded to the call. Officer Trikes arrived first and entered the apartment. Although the parties' versions of what happened next differ somewhat, as might be expected, the differences are not material. Stickney did not see Officer Trikes enter the apartment, and when Trikes grabbed him by the shoulder, Stickney did not know who was there. He turned and tackled Officer Trikes. While Trikes was trying to get up, Stickney brought his fist back, preparing to strike Trikes, when he suddenly realized that Trikes was a police officer. At this point in time, Officer Young arrived on the scene and struck Stickney on the head with a heavy metal flashlight. According to Stickney and his wife Katherine, Officer Young then continued to deliver repeated blows to Stickney's head with the flashlight. Stickney was subdued and handcuffed by the officers, and alleges that even after he was in handcuffs, the officers continued to strike and kick him. The defendants admit the initial blow with the flashlight to Stickney's head but dispute the plaintiff's allegations as to what ensued thereafter.
 
 II.
 
 3
 Defendants[1] do not seek qualified immunity for any conduct other than the initial blow to the head with the flashlight delivered by Officer Young. The theory under which qualified immunity is sought is that in 1985, when this incident occurred, claims of excessive force in the course of an arrest were analyzed under a fourteenth amendment due process analysis. Subsequent to this incident, however, the Supreme Court decided the case of Graham v. Connor, 490 U.S. ---, 109 S.Ct. 1865 (1989), in which they indicated that excessive force cases were to be analyzed under an objectively reasonable standard, applying the fourth amendment rather than the fourteenth amendment. Based upon this change in the method of analysis to be applied in excessive force cases, the defendants argue that it was not clearly established in 1985 that the conduct admitted here would constitute a fourth amendment violation. We find absolutely no merit to this argument.
 
 
 4
 It may well be that, under the circumstances present here, Officer Young acted in an objectively reasonable manner. That, however, is a question of fact and does not constitute the predicate for a claim of qualified immunity. We need not decide the differences, if any, that flow from analyzing an excessive force case under the fourth amendment as opposed to the fourteenth amendment. Suffice it to say that in 1985, police officers knew clearly that the use of excessive force in effectuating an arrest was actionable and could constitute a constitutional violation. The only knowledge that the officers needed was the knowledge that excessive force was not permitted. The fact that they could not anticipate that by the time this case came to trial the legal analysis would be under the fourth amendment as opposed to the fourteenth amendment is immaterial. At least since the Supreme Court's decision in Rochin v. California, 342 U.S. 165 (1952), the federal courts have been entertaining actions against police officers for the use of excessive force. In Lewis v. Downs, 774 F.2d 711, 713 (6th Cir.1985), we had occasion to discuss this issue:
 
 
 5
 Section 1983 does not provide a remedy for every intrusion by a police officer upon a citizen's bodily integrity. E.g., Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir.1981). Some conduct by police officers, however, may be of such a magnitude that it shocks the conscience of the court. See Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). Intrusions of this type violate the due process clause of the Fourteenth Amendment, and hence are actionable under Section 1983. Wilson v. Beebe, 770 F.2d 578, 582-83 & 586-87 (6th Cir.1985) (en banc); Hall v. Tawney, 621 F.2d 607, 613 (4th Cir.1980). In determining if a police officer's conduct rises to the level of a constitutional deprivation, factors such as the need for the force, the relationship between the need and the amount applied, the extent of the injury inflicted, and the motivation of the police officer in applying the force must be considered. E.g., Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).
 
 
 6
 As can be seen from the above quote, this court and courts in other circuits recognized excessive force claims long before the acts in question here took place.
 
 
 7
 Defendants also argue that the district court erred in not considering the discrete act of the striking of the first blow independently from the alleged subsequent blows administered to Stickney. We cannot say on the state of this record that the district judge erred. The accounts given by Stickney and his wife indicate that the conduct of the officers was continuous and that no single blow can be separated out for individual consideration. It could be that the state of evidence at the trial will be such that a jury would be properly instructed that if they find Officer Young only administered one blow, that that blow would be justified as a matter of law; however, we cannot state at this time that the facts are sufficiently clear to justify a partial summary judgment on that theory.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The City of Sterling Heights earlier had been dismissed as a defendant, and no appeal involving that dismissal is before the court at this time