IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40404
Summary Calendar
_____


CHRISTOPHER JAMES MURPHY,

Plaintiff-Appellant,

versus

J. JOHNSON; D. HOWARD; R. MATA,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
(9:90-CV-152)
_____

February 7, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Murphy is a Texas Department of Criminal Justice prison inmate. He filed this 42 U.S.C. § 1983 complaint alleging that he was subjected, without provocation, to excessive force by prison guards in retaliation for filing grievances against them. He raises the further claim that he was denied due process when at a subsequent disciplinary hearing he was not permitted to cross-examine a particular witness. After an initial dismissal, an appeal to this court, and remand by this court, the magistrate

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

judge conducted a hearing.  Following the hearing, the magistrate judge dismissed the claim of excessive force on the grounds of qualified immunity and dismissed the due process claim on grounds that it was frivolous.  We affirm.

The Fifth Circuit has expressly held that in determining claims of qualified immunity, the objective reasonableness of the officer's conduct must be measured with reference to the law as it existed at the time of the conduct in question.  King v. Chide, 974 F.2d 653 (5th Cir. 1992), citing Pfannstiel v. Marion, 918 F.2d 1178, 1885 (5th Cir. 1990).  The conduct of the officers must therefore be evaluated under the standard for excessive force existing at the time of the incident.  King, 974 F.2d at 655.

The incident occurred on February 15, 1990.  At the time, the standard for evaluating use of force claims was set forth in Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981).[1]  See Palmer v. Lares, 42 F.3d 975, 977-78 (5th Cir. 1995) (applying Shillingford); Valencia v. Wiggins, 981 F.2d 1440, 1449 (5th Cir.), cert. denied 113 S.Ct. 2998 (1993) (same).  The Shillingford test requires that an inmate claiming that excessive force had been used against him in violation of the Eighth Amendment must show that the force used caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by

---

[1]Hudgest v. Barnett, 900 F.2d 838 (5th Cir. 1990), which superseded Shillingford for Eighth Amendment claims, was not decided until May 11, 1990, after the incident in this lawsuit took place.

malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience. Shillingford, 634 F.2d at 265; Palmer, 42 F.3d at 978. In Shillingford, for example, a laceration to the plaintiff's forehead was found to be a "severe" injury. 634 F.2d at 266. However, Raly v. Fraser, 747 F.2d 287, 289 (5th Cir. 1984), held that bruises on the plaintiff's arms, scrapes on his face, welts on his wrists caused by the handcuffs, and a sore throat and hoarse voice caused by a chokehold were not "severe" injuries. The magistrate judge evaluated Murphy's claim under this standard and determined that, taking Murphy's testimony as true and disregarding all evidence that contradicted it, Murphy's injuries clearly did not rise to the level of a severe injury. The magistrate judge did not abuse his discretion in dismissing the excessive force claim under § 1915(d).

With respect to the due process claim, the essence of his only noteworthy claim is that he requested and was not allowed to cross-examine Officer Perrin. Although the evidence clearly indicates that Murphy did not request the right to cross-examine Perrin at the disciplinary hearing, even when we assume that Murphy was in fact denied the right to cross-examine Perrin, it is clear to us that it does not amount to a possible violation of constitutional rights to due process. Murphy had a full hearing and all witnesses requested were present at the hearing either in person or by way of telephone. The failure to allow cross-examination of this one

witness about a nondeterminative matter clearly did not rise to the level of a constitutional violation of due process.

For the reasons stated herein, the district court's dismissal of this complaint is

A F F I R M E D.[2]

---

[2]The appellant has moved for an appointment of counsel. That motion is DENIED AS MOOT.