Everett R. MARK a/k/a Howard Van
Zandt Williams, # 296711,
Plaintiff-Appellant,

v.

Harry CALDWELL, et al.,
Defendants-Appellees.

No. 84–2265
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 11, 1985.

Everett R. Mark, pro se.

John H. Helm and David Lee Crawford, Asst. City Attys., Houston, Tex., for Caldwell.

Richard H. Cobb, Houston, Tex., for Kittle.

D. Reid Walker, Houston, Tex., for Dorr.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

GEE, Circuit Judge:

Everett Mark appeals from the dismissal of his § 1983 civil rights complaint that Houston police officers used excessive force in arresting him. Because of various procedural deficiencies, the substance of Mark's *pro se* appeal is only doubtfully before us. Even so, since the merits are simply disposed of, we assume *arguendo* that they are properly here and affirm.

At the hearing, Mark testified that at the time of his arrest one of the officers slapped him several times with his open hand. He further testified that he was not injured by the slaps and that they caused no bleeding, required no medical attention, and were too weak to knock him down. Thus, on his own evidence, they amounted to more of an affront than an injury. Assuming the truth of his account, and however reprehensible such conduct by a policeman may be, it does not rise to such a level that redress may be had for it under 42 U.S.C. § 1983.

Some years ago, in *Shillingford v. Holmes*, 634 F.2d 263, 264 (5th Cir.1981), we recognized that § 1983 "does not grant a cause of action for every injury wrongfully inflicted by a state officer." To merit redress under that federal statute, we held, the officer's conduct must have been such that it "caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by malice." *Id.* at 265. Other batteries are the business of state law. While the indignity inflicted on Mark arguably satisfies the last two elements of this formula, it clearly falls short of the first.

Although Mark's appeal must therefore fail, we do not think it so vexatious and frivolous as to justify the award of costs and attorney's fees requested by the appellees.

AFFIRMED.