**James JOHNSON, Jr.,**
**Plaintiff–Appellant,**

v.

**D. MORAL, et al., Defendant–Appellee.**

No. 86–3662.

United States Court of Appeals,
Fifth Circuit.

May 2, 1988.

Order Granting Rehearing En Banc
May 23, 1988.

Birch P. McDonough, New Orleans, La., for plaintiff-appellant.

Nat G. Kiefer, Jr., New Orleans, La., for defendant-appellee.

Before THORNBERRY, GEE and POLITZ, Circuit Judges.

GEE, Circuit Judge:

The issue in today's case is whether the Constitution is violated by a malicious and gratuitous application of unnecessary force by a state officer, or whether the victim must be content with a common-law tort action, where the physical injuries inflicted are trifling ones.

The facts of the case, as alleged by the complainant and as assumed by the trial court for summary judgment purposes, were:

Plaintiff Johnson was driving on the Greater New Orleans Bridge when his car stalled. Another motorist pushed Johnson's car for some distance until the defendant, Officer David Moral, in a Mississippi River Bridge Police patrol car, waived the motorist off and pushed plaintiff's car to the end of the bridge. While doing so, Moral cursed and made derogatory racial remarks to the plaintiff over his car loudspeaker. At the end of the bridge, Moral asked Johnson for his driver's license and car registration; and when plaintiff could not produce them, Moral arrested him.[1] During the arrest, Johnson was calm and did not resist Moral. Moral, however, was aggressive and hostile, insulting the plaintiff, forcing him to "spread eagle" against the car, and searching him roughly. In addition, he handcuffed the plaintiff too tightly and his jerking on the handcuffs caused them to cut Johnson's wrists. Although these cuts were not severe and Mr. Johnson sought no medical attention for them, they did bleed and leave a permanent scar. Johnson filed suit on various civil rights theories and on state tort grounds.

The district court granted summary judgment for the defendant policeman in explicit reliance on authorities from our Court—authorities which quite clearly specify "severe injury" as a necessary element of a § 1983 civil rights action complaining of the use of undue force. Those which the trial judge cited are *Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir.1986) and *Shillingford v. Holmes*, 634 F.2d 263 (5th Cir.1981). There are others holding the same.[2] Untidily, however, there are others still: opinions from our Court holding that an objectively severe physical injury is *not* a necessary element of such an action as this.

Among these are *United States v. Bigham*, 812 F.2d 943 (5th Cir.1987) and *Tubwell v. Moody*, 816 F.2d 675 (5th Cir.1987). Speaking of these cases, our late Brother Hill, in an earlier proposed opinion in this case, accurately stated "[c]ases such as *Bigham* and *Tubwell* represent a shift in our approach in analyzing cases under *Shillingford:* while the former cases require an objectively severe injury regardless of the force justified, the latter cases explicitly relax the injury requirement when there is no justification to use force." Thus, as Judge Hill's proposed opinion recognized, the later opinions in *Bigham* and *Tubwell* seek to overrule *Shillingford*'s requirement that, regardless of other factors, an objectively severe physical injury is a necessary element of a § 1983 action for the use of excessive force by a state officer. We are thus left with conflicting rules on the same subject in our Circuit.

No rule is more firmly settled in our Circuit than that "no panel ... can overrule a decision previously made by another." *Ryals v. Estelle*, 661 F.2d 904, 906 (5th Cir.1981). A necessary corrollary of that rule, and one equally as firmly established, is that should a later panel render a decision conflicting with that of an earlier one, it is the earlier decision which is to be followed and not the later. The corrollary rests on the obvious premise that, since the later panel decision *should* have followed that of the first panel, the third panel com-

---

1. Plaintiff does not contest the validity of the arrest.

2. Examples are *Mark v. Caldwell*, 754 F.2d 1260 (5th Cir.), *cert. denied*, 474 U.S. 945, 106 S.Ct. 310, 88 L.Ed.2d 287 (1985) (slaps with open hand, no severe injury, action dismissed) and *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987) (mistreatment of stowaways: action valid where injuries serious, not otherwise).

848

ing to examine the Circuit's precedent on the point is bound by the decision of the first panel—just as, indeed, was the second panel. *Id.* Overruling precedent is a power reserved exclusively for the Court as a whole, sitting en banc.

We therefore follow the earlier rule of *Shillingford* [3] and call upon the Court en banc to resolve the conflict in our Circuit's decisions.

AFFIRMED.

THORNBERRY, Circuit Judge, dissenting.

I agree strongly with the majority that the issue in this case should be decided by the court *en banc.* I also agree with the majority that we are bound to follow *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir. Unit A 1981) as our court's first pronouncement on the elements of § 1983 actions complaining of undue force. Further, I agree that our circuit has conflicting decisions on whether "severe injury" is a necessary element of such an action. I disagree, however, with the majority's interpretation of *Shillingford. Shillingford,* it seems to me, cannot be interpreted as imposing a "severe injury" requirement. The facts and disposition of that case it seems to me do not support the imposition of this requirement.

*Shillingford* does say that "we must inquire into the amount of force used in relationship to the need presented, *the extent of the injury inflicted* and the mo-

tives of the state officer." *Id.* at 265 (emphasis added). Additionally, the opinion says, "[i]f the state officer's action *caused severe injuries,* was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983." *Id.* (emphasis added). This language, however, does not set forth those elements as *necessary;* the language says only that they would be *sufficient* for a Section 1983 action.

The *Shillingford* panel, therefore, did not impose an absolute requirement of a severe injury. Indeed, it implicitly found in that case that there was *no* severe injury: "That the results of the attack on Shillingford's person were *not* crippling was merely fortuitous. The same blow *might have caused* blindness or other permanent injury." *Id.* at 266 (emphasis added). Rather, that panel appears to have taken a more generalized look at all of the circumstances of the case in its holding that a Section 1983 cause of action existed. Perhaps the panel was examining only whether the circumstances amounted to an abuse of official power that "shocks the conscience." *See id.* at 265.

The more general test examines all the circumstances to determine whether the action rises above a standard tort. Naturally, the elements listed in *Shillingford* will commonly appear in valid Section 1983

---

**3.** Judge Rubin's opinion for the *Shillingford* panel not only represents the earlier line of authority, it is a case of first impression in our Circuit; and the circuit court authorities upon which it relies are earlier ones from the Second and Fourth Circuits, not from ours. His primary reliance was on the opinion in *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). That holding, in turn, harked back to the "shocks-the-conscience" test for violation of due process—and it is violation of due process that is at issue here—of *Rochin v. California:*

While the *Rochin* test "conduct that shocks the conscience," 342 U.S. [165] at 172, 72 S.Ct. 205 [at 209, 96 L.Ed. 183 (1952) ], is not one that can be applied by a computer, it at least points the way. Certainly the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action

for battery, which makes actionable any intentional and unpermitted contact ...; still less is it as extensive as that afforded by the common law tort action for assault, redressing "Any action of such a nature as to excite an apprehension of battery,".... Although "the least touching of another in anger is a battery," *Cole v. Turner,* 6 Mod. 149, 87 Eng. Rep. 907, 90 Eng.Rep. 958 (K.B.1704) (Holt, C.J.), it is not a violation of a constitutional right actionable under 42 U.S.C. § 1983. The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. (footnotes omitted).

claims, and they should be considered at trial. But, they are not exclusive or mandatory. This general circumstances test is more flexible than the rigid requirements and reaches the abuses of official power at which Section 1983 was aimed. Therefore, I would reverse the district court's dismissal of Johnson's action and remand to that court for it to consider whether Officer Moral's actions "shock the conscience."

## ON SUGGESTION FOR REHEARING EN BANC

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, and SMITH, Circuit Judges.
BY THE COURT:

A member of the Court in active service having requested a poll on the suggestion for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.