**Duane Wendall LARSON, Appellant,**

v.

**UNITED STATES of America, Gary Gaesele, Superintendent, Federal Prison Camp, Duluth, MN, Appellees.**

**No. 90–5030.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1990.

Decided July 6, 1990.

Francis L. Goodwin, Sioux City, Iowa, for appellant.

Richard E. Vosepka, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

## PER CURIAM.

Duane Wendall Larson appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We affirm.

## BACKGROUND

Larson is currently serving a ten-year sentence for conviction of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and a concurrent five-year sentence for pleading guilty to one count of tax evasion in violation of 26 U.S.C. § 7201. Larson was also convicted of two counts of conceal-ment of multiple currency transactions in violation of 18 U.S.C. § 1001, but these convictions were reversed on appeal. *United States v. Larson,* 796 F.2d 244 (8th Cir.1986).

Larson received a parole hearing before a panel of the United States Parole Commission on June 20, 1988. He was assigned a salient factor score of 10 and an offense severity rating of category 6. The guideline range for these scores is 40–52 months. Noting Larson's long history of drug dealing, however, the panel recommended that Larson serve 80 months. The Regional Commissioner adopted the panel's decision and ordered a presumptive parole after service of 80 months. Larson appealed to the Commissioner's National Appeal Board, which affirmed the Commissioner's decision.

Larson then filed a petition for a writ of habeas corpus in the district court. The case was referred to a magistrate, who recommended that the petition be denied. After a de novo review, the district court adopted the magistrate's findings and recommendations and denied the petition. Larson appeals.

## DISCUSSION

Larson raises five issues on appeal. He argues that no evidence supports the Commission's decision that, as a long-time drug dealer, he should serve 28 months beyond the upper limit of his guideline range. Larson also claims that, at the time of his plea agreement on the tax evasion charge, the government misrepresented to him the time he would serve in prison. He also argues that the Parole Commission relied on his reversed convictions for currency violations and double-counted certain factors in determining his release date. Finally, Larson claims that his presentence investigation report (PSI) contained unauthorized grand jury information on which the Parole Commission relied in determining his release date. We find that none of these contentions has merit.

Larson's claim that the Commission abused its discretion by relying on unsubstantiated reports of the duration of his

involvement with drugs, however, deserves further comment. Recently, in *Jones v. United States Bureau of Prisons*, 903 F.2d 1178 (8th Cir.1990), a panel of this court held that under 18 U.S.C. § 4218(d), a federal court has no jurisdiction to review for abuse of discretion the substantive decisions of the United States Parole Commission to grant or deny parole. *Id.* at 1181–83. While finding that the Parole Commission's decisions are committed to agency discretion, however, the court noted two exceptions to their unreviewability. A court may review a decision of the Commission to determine whether the Commission has acted outside the statutory limits of the Parole Act. *Id.* at 1183. Thus, a court has jurisdiction to review a Commission decision that violates a requirement of the Parole Act or guidelines. Additionally, the federal courts retain jurisdiction to review Parole Commission decisions for violations of the Constitution. *Id.* at 1184 n. 15.

■ Although Larson alleges that the Commission abused its discretion in relying on unsubstantiated information in advancing his release date 28 months beyond his upper guideline range, he makes no claim that the Commission acted outside its statutory authority. Moreover, the PSI prepared before Larson's sentencing on the cocaine count included the information Larson now claims is unsubstantiated. Larson and his counsel read the PSI and made written objections to it before sentencing. Additionally, the sentencing court invited Larson to comment on any inaccuracies he perceived in the PSI at Larson's sentencing hearing. Under these circumstances, we cannot say that the allegation that Larson's time to be served was increased based on unsubstantiated information rises to the level of a denial of due process. Accordingly, we affirm the order of the district court.