**Robert L. WRIGHT, Jr., Appellant,**

v.

**U.S. PAROLE COMMISSION,
Joseph Bogan, Appellees.**

**No. 90–5420.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1991.

Decided Oct. 24, 1991.

Andrea K. George, Minneapolis, Minn., argued (Scott F. Tilsen and Andrea K. George, on the brief), for appellant.

Joseph T. Walbran, Minneapolis, Minn., argued (Jerome G. Arnold, Joseph T. Walbran and Stephanie R. Derby, on the brief), for appellees.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Robert L. Wright appeals an order of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241 (1988). The district court adopted the report and recommendation of the magistrate judge. Wright asserts that the district court erred in finding that a decision of the United States Parole Commission, revoking Wright's parole and setting his reparole range at 100 to 148 months, was not arbitrary and capricious or an abuse of discretion. We affirm.

## I. BACKGROUND

On October 2, 1987, Wright was released on parole from a community treatment center in Waterloo, Iowa, having 3014 days remaining to serve for federal firearms violations. Within days of his release, Wright stole several items from a department store and assaulted a security officer who chased and attempted to detain him. A warrant was issued for Wright's arrest on October 9, 1987, charging him with theft, assault causing bodily harm, and leaving the district without permission. Wright turned himself in to authorities on October 14, 1987.

At Wright's local parole revocation hearing, on January 19, 1988, the hearing examiner found that Wright had violated his parole by committing theft and leaving the district without permission. However, the examiner found insufficient evidence to support the assault charge. Based on the charges of theft and leaving the district, the examiner assessed an offense severity rating of one under the Commission's reparole guidelines, a salient factor score of three, and recommended a reparole range of twelve to sixteen months.

The local examiner's findings were reviewed by a panel of examiners at the Commission's regional level. The panel agreed with the local examiner respecting the charges of theft and leaving the district. The panel also found, contrary to the local examiner, that the evidence adduced at the local hearing supported a finding that Wright assaulted the security officer, causing the officer bodily harm. The determination respecting the assault charge was based on the report of Wright's parole officer, which had been submitted in connection with the arrest warrant, a police report concerning Wright's theft, and evidence developed at the local hearing. With the assault charge, the panel increased Wright's offense severity rating to seven, retained the salient factor score of three, and imposed a reparole guideline range of 100 to 148 months. The panel then revoked Wright's parole and ordered that his sentence be continued to expiration. Wright appealed the regional panel's findings to the Commission's national appeals board, and the national board affirmed the decision of the regional panel.

Wright then filed an application for habeas relief in federal district court, arguing that the Commission abused its discretion and acted in an arbitrary and capricious manner, thereby denying him due process, when it found that he assaulted the security officer. Wright asserted several specific claims, two of which are relevant to this appeal. First, Wright argued that insufficient evidence existed to find he committed the assault and that his reparole range was improperly increased to 100 to 148 months based on the assault. Second, Wright contended that the Commission improperly considered as evidence a letter his parole officer sent to the regional panel which was not sent to Wright.

The district court denied Wright's petition. The court concluded that the Commission's decision was not arbitrary and capricious because sufficient evidence existed in the record to support the finding that Wright assaulted the security officer. Furthermore, the court determined that even if the failure to provide Wright with notice of the parole officer's letter amounted to a due process violation, submission of the letter did not prejudice Wright's hearing because the letter merely reiterated evidence presented at the local hearing, which evidence Wright had an opportunity to address, and because the letter was not considered by the regional panel. Wright appeals this decision.

## II. DISCUSSION

We affirm the district court's conclusion that Wright is not entitled to habeas relief. On appeal, Wright asserts the same two claims he asserted in district court. Although the district court addressed both claims on their merits, we find that the district court lacked jurisdiction to review Wright's first claim, and we affirm on the merits the district court's denial of Wright's second claim.

■■■■ This circuit has determined that under 18 U.S.C. § 4218(d) (1982),[1] a federal court has no jurisdiction to review for abuse of discretion a substantive decision of the United States Parole Commission to grant or deny parole. *Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1182–83 (8th Cir.1990). *Accord Larson v. United States*, 907 F.2d 85, 86–87 (8th Cir. 1990) (following *Jones*). A decision is substantive and not reviewable if it " 'involves the exercise of judgment among a range of possible choices or options.' " *Jones*, 903 F.2d at 1184 (quoting *Wallace v. Christensen*, 802 F.2d 1539, 1552 (9th Cir.1986)). However, federal court review of the Commission's decision is available to determine whether the Commission has exceeded its statutory authority or violated the Constitution. *Id.* at 1184 & n. 15.

■■■■ Applying the jurisdictional test to this case, we find that the district court did not have jurisdiction to review Wright's first claim, that the Commission erred in finding Wright committed an assault and increasing his reparole range. The Commission's determination that Wright assaulted the security officer, and the resulting increase in Wright's reparole range, is a substantive decision of the Commission beyond federal court review. This determination involves the decision-making process of the Commission and " 'the exercise of judgment among a range of possible choices or options.' " *Id.* at 1184 (quoting *Wallace*, 802 F.2d at 1552). Both *Jones* and *Larson* involved similar claims, and

both denied the claims on jurisdictional grounds. *See Jones*, 903 F.2d at 1184 ("[W]e have no jurisdiction to entertain Jones' claim that the Commission erred in determining his parole release guidelines to be … above his minimum guideline limit. Such action is a substantive decision … to deny parole."); *Larson*, 907 F.2d at 87 ("Although Larson alleges that the Commission abused its discretion in relying on unsubstantiated information in advancing his release date …, he makes no claim that the Commission acted outside its statutory authority."). Therefore, the district court's denial of Wright's first argument will be affirmed on jurisdictional grounds.

■■■■ Wright's second argument, that the Commission denied him due process by considering his parole officer's letter without providing him notice of the letter, is a colorable constitutional claim. The claim raises a due process issue independent of the Commission's decision-making process. As such, the claim was sufficient to invoke the jurisdiction of the district court on this issue. However, we nevertheless affirm on the merits the district court's conclusion that submission of the letter did not prejudice Wright's parole hearing. The record establishes that the parole officer's letter does not contain new information but only reiterates the evidence presented at Wright's local revocation hearing. *Compare* Addendum to Brief of Appellant at 81 (parole report setting forth evidence presented at local hearing) *with* Addendum to Brief of Appellee at 3 (letter of parole officer). The record also establishes that the Commission did not consider the letter in determining that Wright assaulted the security officer. The Commission set forth the sources of information it used in determining that Wright assaulted the officer, and the letter from Wright's parole officer was not among them. Addendum to Brief of Appellant at 97 (Commission's Notice of Action stating that the Commission's decision was based on "[i]nformation contained

---

1. Although Congress has repealed parole provisions codified at 18 U.S.C. § 4201 *et seq.*, Congress specifically kept these provisions " 'in effect for five years after the … effective date [of

the repeal] as to people who committed crimes before November 1, 1987.' " *Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1179 n. 2 (8th Cir.1990) (citation omitted).

in [Wright's parole officer's] telephonic report of 10–9–87, police report # 87–41706 and information developed at the parole revocation hearing of January 19, 1988"). Thus, although it is likely that no due process violation occurred because Wright had an opportunity to respond at the local hearing to all the information set forth in the letter, we affirm the district court's conclusion that submission of the letter did not prejudice Wright's parole hearing.

## III. CONCLUSION

Wright is not entitled to relief on his petition for a writ of habeas corpus. The district court lacked jurisdiction to review the Parole Commission's decision to increase Wright's reparole range based on Wright's assault. Furthermore, we affirm on the merits the district court's conclusion that Wright was not prejudiced by a letter sent to the Commission. Therefore, the judgment of the district court denying Wright's petition for a writ of habeas corpus is affirmed.

HEANEY, Senior Circuit Judge, dissenting.

I respectfully dissent from both the majority's jurisdictional and constitutional decisions.

### Jurisdiction

#### A.

This panel cannot properly rely on *Jones v. United States Bureau of Prisons*, 903 F.2d 1178 (8th Cir.1990), to affirm the district court's decision on jurisdictional grounds. In *Jones*, a three-judge panel abandoned the abuse-of-discretion standard traditionally deployed by this court to review the decisions of the Parole Commission and instead adopted the position on which the majority relies to avoid reaching the merits of Wright's claim. The *Jones* panel was obligated to follow our prior cases, and this panel is equally bound. Indeed, where a panel overrules a prior decision by a previous panel, a subsequent panel is obligated to follow the earlier precedent. *See e.g., Johnson v. Moral*, 843 F.2d 846, 847 (5th Cir.1988). Without this

rule, the axiom that one panel of this court cannot overrule a prior panel is effectively neutered. For this reason, our traditional standard can only be overturned by the court en banc. If this panel disagrees with the abuse-of-discretion standard, this case should be given en banc consideration.

Our case law repeatedly respects the need to restrain from announcing new principles contrary to existing law until the entire court can convene en banc. *See e.g., Dawidoff v. Minneapolis Bldg. & Constr. Trade Council*, 550 F.2d 407, 411 n. 3 (8th Cir.1977); *Laughlin v. IRS*, 912 F.2d 197, 201 n. 10 (8th Cir.1990) (Magill, J., dissenting). These cases reflect the rule of this circuit that an en banc proceeding is reserved for two purposes only, one of which is to review a panel opinion which conflicts with the precedent of this court. *See* 8th Cir.R. 35A(a) (1990). The logic behind this policy is simple: "Regular adherence to published rules of procedure best promotes the principles of fairness, stability, and uniformity that those rules are designed to advance." *Missouri v. Jenkins*, 495 U.S. 33, ——, 110 S.Ct. 1651, 1662, 109 L.Ed.2d 31, 53 (1990). Indeed, the case on which the *Jones* panel principally relied to substantiate its conversion was a Ninth Circuit en banc decision, which expressly recognized the need to consider such an event en banc. *See Wallace v. Christensen*, 802 F.2d 1539, 1542 (9th Cir.1986) ("Previous cases in this circuit have referred to an 'abuse of discretion' standard as the basis for review of Commission decisions, and have implicitly assumed the existence of jurisdiction to conduct that analysis. We took this case en banc to reconsider this assumption and evaluate our standard of review." (citations omitted)).

The panel in *Jones* justified its action by citing this court's dictum that where "[t]he jurisdictional issue simply has never been discussed by this court [, and] [t]hus, none of our prior decisions can be 'read as having decided that issue, ... it remains open for consideration in the present case.'" *Jones v. United States Bureau of Prisons*, 903 F.2d at 1182 (citing *United States v. Evidente*, 894 F.2d 1000, 1004 n. 5 (8th

Cir.1990)). While the abuse-of-discretion cases do not expressly discuss the jurisdiction issue that the majority employs to dispose of Wright's claim, even the *Jones* panel admitted that prior to its decision, this court "has implicitly assumed the existence of jurisdiction to conduct [abuse of discretion] analysis." *Id.* at 1182. I therefore do not find convincing the *Jones* panel's pronouncement that this court has never before considered the jurisdiction issue.

Moreover, the case, *United States v. Evidente*, 894 F.2d 1000, 1004 n. 5 (8th Cir. 1990), the *Jones* panel cited to support its evasion of the en banc procedure involved a situation distinct from that in *Jones*. In *Evidente*, this court decided a jurisdiction question that was previously never considered, not even inferentially.[1] The situation in *Jones* was entirely different.[2] In order to apply the abuse-of-discretion standard in cases prior to *Jones*, this court must have considered whether appellate jurisdiction existed to review the discretionary action of the Parole Commission. While this consideration may not have been expressed, it is nonsensical to believe that "none of our prior [parole review] decisions can be 'read as having decided [the jurisdictional] issue'...." *Jones v. United States Bureau of Prisons*, 903 F.2d at 1182 (citing *United States v. Evidente*, 894 F.2d 1000, 1004 n. 5 (8th Cir.1990)).

In sum, *Jones* both evaded the en banc process that is required to adopt law contrary to Eighth Circuit precedent and fallaciously relied on a fundamentally distinct case to justify this evasion. Until this court en banc decides otherwise, we must continue to review Parole Commission decisions for an abuse of discretion.

**B.**

Applying the abuse-of-discretion standard to the facts in this case reveals that such an abuse occurred here. As the majority explains, at Wright's local parole revocation hearing, the examiner found insufficient evidence to support the charge that Wright assaulted the security officer, yet based on the same evidence, the regional Parole Commission found, and the Commission's national appeals board confirmed, that Wright had assaulted the security officer. The evidence simply does not support this finding. Only one witness testified that he actually saw the incident in which the security guard was injured. According to this witness, the security officer lunged to tackle the fleeing Wright, but when the officer impacted Wright, the officer groaned and fell to the ground; the running Wright never turned around nor did he attempt to strike the lunging officer. Because a truck shielded their view, neither of the other witnesses actually saw this event; similarly, the injured security officer was unable to testify that he was attacked by Wright.

1. In *Evidente*, this court held that it "is not empowered under 18 U.S.C. § 3742, or any other statute, to review a sentencing court's exercise of its discretion to refrain from departing either upward or downward from the range established by the applicable guideline." *United States v. Evidente*, 894 F.2d at 1004. In making this holding, the court noted that an earlier court decision did not preclude its ruling in *Evidente*. The noted earlier court decision, *United States v. Justice*, 877 F.2d 664 (8th Cir. 1989), ruled that a district court's refusal to depart downward for substantial cooperation and an inaccurate criminal history should be reviewed under an abuse-of-discretion standard. Because *Evidente* did not involve either of these issues, and instead involved an appeal in which the defendant claimed that the district court erred in failing to depart downward on the basis of the facts alone, this court reasoned, "*Justice* does not discuss in any manner the issue of whether appellate jurisdiction exists to review the discretionary refusal to exercise departure authority," and therefore concluded that the jurisdiction issue "remains open for consideration in the present case." *United States v. Evidente*, 894 F.2d at 1004 n. 5. Thus, the jurisdiction question considered in *Evidente* was not addressed in *Justice*.

2. The *Jones* panel justified its abandonment of the abuse-of-discretion standard in favor of nonsubstantive review by identifying the situation before it as the same as the one before the court in *Evidente*. As stated in the text, the situation in *Jones* was different from that in *Evidente*. The *Evidente* panel was able to reach its standard of review decision because *Justice* dealt with the standard of review over a guidelines issue distinct from that presented in *Evidente*. No such distinction exists between *Jones* and the cases preceding it: both *Jones* and its predecessors involved the standard for reviewing parole decisions.

Except for his injury, there was no evidence that the security officer was assaulted. Without such evidence, the Parole Commission should not be able to find that Wright assaulted the officer. The finding of assault resulted in a re-parole guideline range of 100 to 148 months, and Wright was ordered to serve the remaining eight years of his fifteen-year sentence. Absent an assault finding, Wright would have been subject to twelve to sixteen months imprisonment. Thus, the Parole Commission's abuse of discretion wrought great damage on Wright's liberty.

### Due Process

I also believe that Wright's due process rights were violated, and therefore dissent from the majority's decision to the contrary. One need look no further than the majority's opinion itself to realize the questionable nature of its ruling that no due process violation occurred. At the end of its discussion of this issue, the majority concludes "it is likely that no due process violation occurred...." In the realm of constitutional rights, such a tentative and hedged conclusion is unacceptable.

The timing of events casts doubt on the majority's holding that no due process violation occurred because the parole officer's letter did not prejudice Wright's parole revocation. Wright's initial revocation hearing took place on January 19, 1988, after which the panel concluded that the evidence was insufficient to find that Wright assaulted the security officer. Two days later, the parole officer wrote to the Commissioner for the regional Parole Commission to emphasize his belief that Wright assaulted the security officer. On February 1, 1988, the regional Parole Commission overturned the initial ruling and decided that Wright had assaulted the security officer. That the January 21st letter influenced this decision seems highly likely. If this was the case, then failing to notify Wright of the letter and denying him the opportunities to respond and to confront its author violated Wright's due process rights. *See Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (due process rights assured at parole revocation hearing, including the right to disclosure of evidence against parolee and the right to confront and cross-examine adverse witnesses).

### Conclusion

I respectfully dissent from both the majority's jurisdictional and constitutional holdings. This case should be referred to the court en banc to decide whether we should depart from our traditional abuse-of-discretion standard when we review parole decisions.