35 F.Supp.2d 744 (1998)
Tina Sue McCLANAHAN, Plaintiff,
v.
CITY OF MOBERLY, et al., Defendants.
No. 2:96-CV-100 (CEJ).
United States District Court, E.D. Missouri, Northern Division.
February 10, 1998.
Tina Sue McClanahan, Sedalia, MO, pro se.
Joel D. Brett, Barklage and Barklage, St. Charles, MO, for defendants.

MEMORANDUM
JACKSON, District Judge.

MEMORANDUM
This matter is before the Court on defendant Gerald Gander's motion for summary judgment and plaintiff's cross-motion for summary judgment.[1]See Fed.R.Civ.P. 56. The plaintiff has filed a response in opposition to the defendant's motion. Defendant has not responded to plaintiff's cross-motion for summary judgment and the time allotted for doing so has expired.
The plaintiff, proceeding pro se, filed suit against Gerald Gander, Sheriff of Shelby County, Missouri, alleging that Sheriff Gander used excessive force in securing her for *745 transportation to Fulton, Missouri, in violation of 42 U.S.C. § 1983.
On March 13, 1995, plaintiff was lawfully arrested and detained at the Moberly Police Department. She remained at the Moberly Police Department until Sheriff Gander arrived to transport her to Fulton, Missouri. As custody of plaintiff was being turned over to Sheriff Gander, plaintiff began shouting obscenities. In an attempt to secure plaintiff, Sheriff Gander asked plaintiff to dispose of the cigarette she was smoking. Plaintiff refused to put out her cigarette. Sheriff Gander claims that as he reached to remove the cigarette from plaintiff's mouth she attempted to bite him. Sheriff Gander admits that his hand made contact with plaintiff's face, nose and mouth area. Plaintiff, denies that she tried to bite Sheriff Gander and maintains that he slapped her three times.
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Defendant contends that the Court should analyze plaintiff's claim of excessive force under the "reasonableness standard" of Fourth Amendment. The Court disagrees. As a pretrial detainee, plaintiff's excessive force claim is properly analyzed under the Due Process Clause of the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); Bell v. Wolfish, 441 U.S. 520, 535-539, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Wolfish, 441 U.S. at 535, 99 S.Ct. 1861.
However, there exists a minimum degree of "punishment" which must be exceeded in order to offend the Constitution. Punishment characterized as "de minimis" does not offend the Constitution. Id. at 539 n. 21, 99 S.Ct. 1861 ("`There is, of course, a de minimis level of imposition with which the Constitution is not concerned.' Ingraham v. Wright, 430 U.S., at 674, 97 S.Ct., at 1414."). Additionally, the Eighth Circuit has held in a prisoner civil rights case that "[w]hile a plaintiff may seek redress and win damages under state law for any unwanted touching under the common law of battery, the federal remedies under § 1983 are directed against more egregious conduct. `Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Burton v. Livingston, 791 F.2d 97, 99 (8th Cir.1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.1973)).
In Riley v. Dorton, the Fifth Circuit held that a police officer did not violate a pretrial detainee's right to due process when he used handcuffs, inserted the tip of a pen into detainee's nose and slapped the detainee *746 across the face, because such injuries were de minimis. 115 F.3d 1159 (4th Cir.1997). In Fair v. Holley, the court stated, "a slap on the face that is not hard enough to cause harm is a de minimis use of physical force." No. 91-C-0988, 1993 WL 147548, at *3 (N.D.Ill., May 4, 1993). InMark v. Caldwell, the Fifth Circuit held that where a police officer slapped an arrestee several times across the face but such slapping did not cause bleeding or require medical attention, redress was not proper under § 1983. 754 F.2d 1260 (5th Cir.1985).
In the case at bar, plaintiff complains of being slapped three times. She has not come forth with any evidence of injury due to defendant's conduct. At the time of the incident, plaintiff reported a bloody nose, however, she does not repeat that allegation in her complaint nor does she contend that any medical treatment was necessary for this injury.
The Court concludes that plaintiff suffered, at best, a de minimis injury which does not implicate the Constitution. See Wolfish, 441 U.S. at 535, 99 S.Ct. 1861. Therefore, the defendant's motion for summary judgment will be granted and plaintiff's cross-motion will be denied.
NOTES
[1] Defendant Gerald Gander is the only remaining defendant. On December 30, 1996, the Court issued an Order dismissing without prejudice defendants P. Pollard; City of Moberly; Michael L. Garbulski; Randy Cook; Rex V. Gump; and Wayne E. Schirmer.