Betty **RODRIGUEZ**, Plaintiff,

v.

Jo Anne B. **BARNHART**, **Commissioner of Social Security**, Defendant.

No. CIV.A.3:01–CV–1677–P.

United States District Court, N.D. Texas, Dallas Division.

Feb. 19, 2003.

Elizabeth B. Dunlap, Dallas, TX, for plaintiff.

Shane Read, U.S. Attorney's Office, Dallas, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court for its consideration are Plaintiff Betty Rodriguez's ("Plaintiff") Objections to the United States Magistrate Judge's Findings, Conclusions and Recommendations ("Plaintiff's Objections"). The Government ("Defendant") did not file a response to Plaintiff's Objections.

Pursuant to 42 U.S.C. § 405(g), Plaintiff now seeks judicial review of the Social Security Appeals Council's decision to uphold the Administrative Law Judge's ("ALJ") denial of social security benefits to Plaintiff. The case was referred to the Magistrate Judge for review and recommendation pursuant to 28 U.S.C. § 636. Magistrate Judge Wm. F. Sanderson, Jr. upheld the Appeals Council's decision to deny benefits, and Plaintiff now objects to the Magistrate Judge's ruling. Specifically, Plaintiff objects to the Magistrate Judge's refusal to consider new evidence presented to the Appeals Council for the first time when determining whether the ALJ's decision was supported by substantial evidence.

## BACKGROUND FACTS

Plaintiff alleges that the onset of her disability occurred in March 1995 when she was fifty-one years old. According to the medical records before the Court, Plaintiff sought medical treatment for arthritic pain in her spine as early as March 1989 from Dr. J.D. Johnson, her primary care physician. Plaintiff saw Dr. Johnson on several occasions between March 1989 and March 1994.

In October 1994, Plaintiff switched primary care physicians, and thereafter has been seeking treatment from Dr. Edwin Joyner. In March 1995, Dr. Joyner diagnosed Plaintiff with degenerative joint disease, GERD, and migraine headaches. Because Plaintiff was unable financially to pay for x-rays, blood tests, and other studies, Dr. Joyner recommended that Plaintiff seek treatment at the indigent care clinic at Parkland Hospital.

While at Parkland Hospital, Dr. Geral W. Deitz, an orthopedist, reviewed Plaintiff's x-rays and made a diagnosis. During this time, Plaintiff continued to seek and receive treatment from Dr. Joyner.

Dr. Joyner referred Plaintiff to another orthopedist, Dr. William Osborne, who examined Plaintiff on July 1, 1996. Dr. Osborne diagnosed Plaintiff's back problems and prescribed medication. Plaintiff returned to Dr. Joyner's care.

From April through June 1997, Plaintiff consulted on several occasions with Dr. Myron R. Zisman, another orthopedist, for hip pain and back pain. After conducting and reviewing the results of an MRI, Dr. Zisman referred Plaintiff to a neurosurgeon, Dr. Mark Cwikla.

On June 23, 1997, Plaintiff was examined by Dr. Cwikla regarding her lower back pain, who diagnosed her injury and prescribed physical therapy and injections. Plaintiff received physical therapy from July 1997 to September 1997. In November 1997, Zisman noted that Plaintiff's overall prognosis was poor.

A month before her April 1998 administrative hearing concerning her receipt of social security benefits, Plaintiff fell and injured her hip. Dr. Joyner prescribed a walker for her.

### PROCEDURAL HISTORY

Plaintiff filed her application for social security disability benefits on April 29, 1997. She requested an administrative hearing before an ALJ, which was held on April 8, 1998. The ALJ denied Plaintiff's application on July 31, 1998 and Plaintiff filed a request for review by the Appeals Council. Plaintiff's appeal was denied on January 25, 2001. Plaintiff then filed a second request for review on the grounds that the Appeals Council failed to consider previously submitted "new and material evidence." Along with this request, Plaintiff re-submitted this "new evidence" consisting of two medical source statements and interrogatory answers completed by Dr. Joyner. Upon receiving Plaintiff's second request for review, the Appeals Council vacated its prior denial and considered Plaintiff's subsequent request and accompanying submissions.

Yet the Appeals Council denied Plaintiff's second request for review, stating that it had considered the new evidence and that the new evidence did not provide a basis for changing the ALJ's decision to deny benefits. The Appeal Council denied review of the ALJ's decision on June 27,

2001. When the Appeals Council denied review, this made the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner") in this case.

Plaintiff now seeks judicial review by the district court pursuant to 42 U.S.C. § 405(g). The case was referred by the District Court Judge to Magistrate Judge Sanderson. The Magistrate Judge declined to consider the new evidence submitted for the first time to the Appeals Council and recommended affirming the ALJ's decision denying benefits.

Plaintiff now objects to the magistrate judge's ruling on two grounds; First, Plaintiff argues that the magistrate judge improperly failed to consider new medical evidence considered for the first time by the Appeals Council. Plaintiff also argues that the Appeals Council erred by denying Plaintiff's appeal in light of this new evidence.

Second, Plaintiff argues that the Magistrate Judge misinterpreted the medical evidence before him when determining whether the ALJ's report was supported by substantial evidence.

### DISCUSSION

A request for Appeals Council review of an ALJ's decision is the fourth and final stage in the administrative process of adjudicating claims for benefits under the Social Security Act.[1] Social security regulations expressly authorize a claimant to submit "new and material" evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the submission of new and material evidence does not require the Appeals

---

1. The first three steps are the initial determination, reconsideration, and a hearing before an ALJ. *See* 20 C.F.R. §§ 404.900, 416.1400.

Council to grant review of the decision. *See Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir.2001). "On the contrary, the regulations provide that the Appeals Council will grant review only if it finds that the ALJ's decision 'is contrary to the weight of the evidence currently of record.'" *Id.* (quoting 20 C.F.R. 404.970(b)). If the new evidence relates to a period before the ALJ's decision, the Appeals Council "shall evaluate the entire record including the new and material evidence submitted ... [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *See* 20 C.F.R. § 404.970(b) (emphasis added); *see also id.* § 416.1470(b).[2]

When the Appeals Council grants review, the decision of the Appeals Council is the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. However, if the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. The final decision of the Commissioner is subject to judicial review. *See* 42 U.S.C. § 405(g).

An ALJ's decision will be reversed only if the decision is not supported by substantial evidence. *See Falge v. Apfel,* 150 F.3d 1320, 1322 (11th Cir.1998), *cert denied,* 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 905 (1999). "'Substantial evidence' is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id., see O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir.1994). "In other words, substantial evidence is 'more than a

mere scintilla'." *Falge,* 150 F.3d at 1322. "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell,* 44 F.3d at 858.

## A. Circuit Court Split.

The Court must first resolve the issue of whether the district court may consider in its review of the ALJ's decision new evidence submitted by Plaintiff for the first time to the Appeals Council. There is a split of authority among the circuit courts of appeals that have addressed this issue. The Fifth Circuit has not considered the issue. *See Masterson v. Barnhart,* 309 F.3d 267, 274 n. 3 (5th Cir.2002) (reserving for another time the issue of "whether new evidence presented to the Appeals Council for its decision on whether to review the ALJ's ruling on the merits but not presented to the ALJ is part of the record for the district court to review when the Appeals Council did not consider the ALJ's ruling on the merits.")

The Courts of Appeals for the Second, Fourth, Eighth, Ninth, and Tenth circuits have held that a district court should consider new evidence in its review of the ALJ's final decision for substantial evidence. *See Perez v. Chater,* 77 F.3d 41 (2d Cir.1996); *O'Dell v. Shalala,* 44 F.3d 855 (10th Cir.1994); *Riley v. Shalala,* 18 F.3d 619 (8th Cir.1994); *Ramirez v. Shalala,* 8 F.3d 1449 (9th Cir.1993); *Nelson v. Sullivan,* 966 F.2d 363 (8th Cir.1992); *Wilkins v. Secretary of Dep't of Health and Human Svcs.,* 953 F.2d 93 (4th Cir.1991); *see also Keeton v. Department of Health and*

---

**2.** The pertinent provision of 20 C.F.R. § 404.970 reads as follows: (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the

new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

*Human Svcs.,* 21 F.3d 1064 (11th Cir. 1994). As part of their analyses, these courts rely on the regulations that require the Appeals Council to accept new evidence as long as it is new and material. *See O'Dell,* 44 F.3d at 857. Specifically, 20 C.F.R. § 404.970(b) expressly authorizes a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). When this is done, the Appeals Council *must* evaluate the entire record, which includes the new and material evidence submitted. *See id.* A claimant need not show "good cause" before submitting the new evidence to the Appeals Council. *See id; see also O'Dell,* 44 F.3d 855. Even if the Appeals Council denies review, these circuits have held that the evidence nonetheless becomes part of the record for evaluation by the district court.

The courts that have permitted the district court to review this evidence have based their decision on the following reasoning: First, 20 C.F.R. § 404.970(b) provides a claimant with a last opportunity to demonstrate disability before the administrative decision becomes final. Because this provision expressly authorizes a claimant to present new evidence to the Appeals Council without a "good cause" requirement, disregarding this new evidence on review may undermine the purpose of the regulation. *See Perez,* 77 F.3d at 45; *O'Dell,* 44 F.3d at 859. Second, the regulations seem to make the new evidence part of the administrative record when it directs the Appeals Council to "evaluate the entire record including the new and material evidence submitted" and when it requires review if the ALJ's decision is contrary to the weight of the evidence "currently of record." 20 C.F.R. § 404.970(b); *see Perez,* 77 F.3d at 45; *O'Dell,* 44 F.3d at 859. Third, because the Secretary's decision does not become final

until after the Appeals Council denies review or issues its own findings, the "final decision" necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence. *See Perez,* 77 F.3d at 45; *O'Dell,* 44 F.3d at 859.

In contrast, the Third, Sixth, Seventh and Eleventh Circuits have held that a district court should not review new evidence presented to the Appeals Council when it has denied review. *See Matthews v. Apfel,* 239 F.3d 589 (3d Cir.2001); *Falge v. Apfel,* 150 F.3d 1320 (11th Cir.1998), *cert denied,* 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 905 (1999); *Cline v. Commissioner of Social Security,* 96 F.3d 146 (6th Cir.1996); *Eads v. Secretary of Dep't of Health and Human Svcs.,* 983 F.2d 815 (7th Cir.1993). These circuits concurred with the Second, Fourth, Eighth, Ninth and Tenth Circuits that a claimant is permitted to submit new evidence to the Appeals Council in light of the regulation's requirement that the evidence be new and material. *See* 20 C.F.R. § 404.970(b). In addition, these circuits also found that the district court incorporates the evidence into the administrative record. *See Matthews,* 239 F.3d at 593; *Falge,* 150 F.3d at 1322, 1323 n. 6; *Keeton,* 21 F.3d at 1066–67; *Eads,* 983 F.2d at 817–18.

These circuits differ in their conclusion, however, because they do not hold that the district court reviews the entire administrative record. Instead, the Third, Sixth, Seventh and Eleventh Circuits have held that when the Appeals Council has denied review, the district court should look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence. *See Falge,* 150 F.3d at 1323; *Keeton,* 21 F.3d at 1067; *Eads,* 983 F.2d at

817.[3]

However, these courts have held that when a claimant is seeking remand to the ALJ for further consideration under 42 U.S.C. § 405(g), the district court may consider evidence presented only to the Appeals Council if the claimant can show that the evidence is new and material and there is good cause for not having produced the evidence earlier.[4] *See, Falge,* 150 F.3d at 1322–23; *Matthews,* 239 F.3d at 592–93. In coming to this conclusion, these courts look to sentence four of § 405(g) of the Social Security Act, which empowers the district court with the power to enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Matthews,* 239 F.3d at 592 (citing 42 U.S.C.A. § 405(g).). The courts have reasoned that a different sentence of § 405(g) applies if the claimant proffers evidence in the district court that was not previously presented to the ALJ. Sentence six of § 405(g) states that the court may "at any time" remand a case to the ALJ ordering "order additional evidence to be taken," . . . "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See Matthews,* 239 F.3d at 592 (citing 42 U.S.C.A. § 405(g)); *Falge,* 150 F.3d at 1323; *Cline,* 96 F.3d at 149; *Keeton,* 21 F.3d at 1067. Thus, "when the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ." *Matthews,* 239 F.3d at 593; *see Falge,* 150 F.3d at 1323; *Cline,* 96 F.3d at 148.

### B. Analysis.

In his findings and recommendation, the Magistrate Judge utilized this analysis and declared that the new evidence that was first submitted at the appeals level of the administrative proceedings could not be considered upon judicial review, even though the Appeals Council considered the evidence in deciding to deny review of the ALJ's decision. In her Objections, Plaintiff argues that this evidence is part of the administrative record even when the Appeals Council denies review of the ALJ's decision. Specifically, Plaintiff objects to the Magistrate Judge's ruling that "the [district] court may not consider [ ] evi-

---

**3.** These courts rely on the following reasoning used in *Eads:*

> It might seem . . . that the district judge and we would be free to consider the new evidence that was before the Appeals Council in deciding whether the decision denying benefits was supported by the record as a whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits, based on all the evidence before it, which then becomes the decision reviewed in the courts. It is wrong when the Council has refused to review the case. For then the decision reviewed in the courts is the decision of the administrative law judge. The correctness of that decision depends on the

evidence that was before him. He cannot be faulted for having failed to weigh evidence never presented to him . . .
*Eads,* 983 F.2d at 817(cited by *Matthews,* 239 F.3d at 593; *Falge,* 150 F.3d at 1323; *Keeton,* 21 F.3d at 1067).

**4.** 42 U.S.C. § 405(g) reads in pertinent part as follows:

> (g) Judicial Review. The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

dence tendered to the Appeals Council to determine whether substantial evidence supported the ALJ's decision." (Pl.'s Obj. at 2 (emphasis in original); *see* Mag. Findings at 5 (citing *Webb v. Barnhart,* 3:00–CV–2548–G at 7, dated January 17, 2002).) [5]

This Court thinks the better approach is the approach taken by the majority of courts that allows the district court to review the ALJ's decision for substantial evidence on the record as a whole, which includes new evidence submitted for the first time to the Appeals Council. The regulations permit a claimant to introduce new and material evidence to the Appeals Council and require the Appeals Council to consider the new and material evidence in deciding whether the ALJ's decision is supported by substantial evidence and, hence, whether to grant review in a case. *See* 20 C.F.R. § 404.970(b). The Court agrees with the reasoning of the Second, Fourth, Eighth, Ninth and Tenth Circuits and believes that this causes the evidence to become part of the administrative record that should be considered by the district court in its review of the ALJ's decision.

Moreover, the Court is of the opinion that sentence six of § 405(g) is inapplicable to this situation. Sentence six of § 405(g), which governs judicial review, states that "[t]he court may ... remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Court interprets this provision to mean that "if a claimant submits new evidence *in the district court* that was not previously presented [at any stage of the administrative proceedings], the court may remand and allow the additional evidence to be presented to the Commissioner," but only upon a showing that the evidence is new, material, and that good cause exists for failing to incorporate the evidence into the record in a prior proceeding. Kelly Huntley, *To Review or Not to Review?—That is the Question: Interpreting New Evidence in Social Security Disability Cases in the Third Circuit,* 47 Vill. L.Rev. 1089, 1096–97 (2002).

---

5. Under the Federal Magistrate's Act, the district judge shall make a *de novo* determination of those portions of the findings or recommendations to which objection is made. *See* 28 U.S.C. § 636(b)(1)(C). Plaintiff argues that the Magistrate Judge was required to consider the new evidence presented to the Appeals Council because the Northern District of Texas did so in *Cauble v. Massanari,* 2001 WL 1338391 (October 18, 2001). Plaintiff contends that because the district court in *Cauble* considered the new evidence presented to the Appeals Council, this district court must follow the *Cauble* precedent.

The *Cauble* case was a case filed in the Lubbock Division of the Northern District of Texas. Magistrate Judge Nancy Koenig issued her findings which were upheld by Judge Sam R. Cummings. In *Cauble* the plaintiff submitted new evidence to the Appeals Council and Magistrate Koenig consid-

ered that new evidence as part of the record when determining whether the ALJ's ruling was supported by substantial evidence. Plaintiff insists that the *Cauble* ruling is binding precedent on this case and must be followed. (Pl.'s Obj. at 1–4.)

"Unlike circuit court panels where one panel will not overrule another [*see Johnson v. Moral,* 843 F.2d 846, 847 (5th Cir.1988) (cited by Plaintiff)] district courts are not held to the same standard". *See Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.,* Ltd., 240 F.3d 956 (11th Cir.2001) While the decisions of fellow district court judges are persuasive, they are not binding authority. *See id.* "As a result, the district court cannot be said to be bound by a decision of one of its brother or sister judges." *See id.* For this reason, Plaintiff's argument has no merit—the Court is not bound by the *Cauble* case.

The Court believes the statute and the regulations, when read in conjunction with one another, require the Appeals Council to consider evidence presented to it for the first time when the evidence is new and material. *See* 20 C.F.R. § 404.970(b). By contrast, the district court may consider evidence presented to it for the first time when the evidence is new and material and good cause is shown for not presenting it in an earlier proceeding. *See* 42 U.S.C. § 405(g). If the evidence was properly presented to the Appeals Council (*i.e. was* new and material) and was properly considered by the Appeals Council, the district court should consider that evidence as part of the entire record. When the Appeals Council denies review, the ALJ's decision becomes the final decision, but the Court should still consider the entire record, including the evidence considered by the Appeals Council, when reviewing the ALJ's decision.

"The court shall have the power to enter, upon the pleadings and transcript of the record a judgment affirming, modifying, or reversing the decision of the secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The new evidence that must be considered includes two reports of Dr. Joyner, Plaintiff's treating physician, that directly contradict the opinions given by the medical experts who testified before the ALJ. Consequently, Dr. Joyner's reports contradict the ultimate ruling of the ALJ. In the Fifth Circuit, "the opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000); *see Floyd v. Bowen,* 833 F.2d 529, 531 (5th Cir.1987). In light of the new evidence from Plaintiff's treating physician, and in light of the fact that the ALJ is already familiar with the other evidence and testimony in this case, the Court hereby REVERSES the ALJ's ruling and REMANDS this case to the ALJ for a rehearing and reconsideration. The ALJ is hereby directed to consider the new evidence in conjunction with the evidence it considered in the first instance and, based on that evidence, make a determination as to whether Plaintiff is entitled to Social Security benefits.