# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1244

———————

Tyrell D. Erwin,                               *
                                               *
           Appellant,                          *
                                               *    Appeal from the United States
     v.                                        *    District Court for the
                                               *    District of Minnesota.
Marty C. Anderson,                             *
Sued as Marty Anderson, Warden,                *    [UNPUBLISHED]
                                               *
           Appellee.                           *

———————

Submitted:  December 1, 2004
    Filed:  December 7, 2004

———————

Before MURPHY, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Federal inmate Tyrell Erwin appeals the district court's[1] denial of his 28 U.S.C. § 2241 habeas petition. In 1985 Erwin was sentenced to 25 years, 7 months, and 10 days imprisonment, following his conviction for drug, racketeering, and firearm crimes, and in May 1999 he was paroled. In December 2001, while traveling through Iowa with another convicted felon, Erwin was stopped by police and subsequently

———————

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jonathan Lebedoff, Chief Magistrate Judge for the District of Minnesota.

arrested and charged with possession of drugs; the drug charge against Erwin in Iowa was later dropped. The United States Parole Commission (the Commission), after a hearing, found that Erwin had violated his parole by traveling outside his district of supervision without permission, associating with a person who had a criminal record, and committing a new crime--drug possession. The Commission revoked Erwin's parole and ordered that his sentence be continued to expiration. In his section 2241 petition, Erwin alleged that the Commission abused its discretion by finding that he had committed a new crime and thus revoking his parole and continuing his sentence to expiration. The district court concluded it lacked jurisdiction and denied Erwin's petition.

The district court was correct in concluding it lacked jurisdiction to review Erwin's claim, because Erwin challenged a substantive determination by the Commission. See Wright v. United States Parole Comm'n, 948 F.2d 433, 435 (8th Cir. 1991) (Commission's determination that habeas petitioner had committed a crime was substantive and thus unreviewable), cert. denied, 503 U.S. 1009 (1992); Jones v. United States Bureau of Prisons, 903 F.2d 1178, 1183 (8th Cir. 1990).

Accordingly, we affirm.

_____